The Honorable David L. Beatty State Representative Drawer 640 Lewisville, AR 71845
Dear Representative Beatty:
This is in response to your request for an opinion on the following question:
 May a city of the first class having a population of less than 35,000 people enact and establish standards, rules and regulations that are equal to, or greater than, the minimum standards, rules and regulations established by the State pursuant to the Emergency Medical Services Act, same being codified as A.C.A. 20-13-210, et seq., concerning emergency medical services, emergency medical technicians, ambulances, ambulance companies, their relative properties, facilities, equipment, personnel, and any and all aspects attendant to providing emergency medical services and ambulance operations within its boundaries?
It must be concluded from a review of the pertinent legislative enactments in this area that the answer to your question is "no".
Initial consideration must be given A.C.A. 14-43-601, which is the codification of Section 2 of Act 266 of 1971, as amended. Subsection (b)(1) of 14-43-601 states that the term "municipal affairs" of cities of the first class shall include "(m)atters of public health, which concern emergency medical services, emergency medical technicians, and ambulances, as defined in 20-13-201 —20-13-209 and 20-13-211, and ambulance companies." Subsection (b)(2) then states:
 (A) These cities shall have the authority to enact and establish standards, rules, or regulations which are equal to, or greater than, those established by the state concerning emergency medical services, emergency medical technicians, ambulances, and ambulance companies.
This language would at first glance appear to encompass all cities of the first class, thus supporting the proposition that your question may be answered in the affirmative. However, a review of other relevant Code provisions belies this assertion.
The Municipal Ambulance Licensing Act ("Licensing Act") codified at A.C.A. 14-266-101, et seq., compels the conclusion that A.C.A.14-43-601(b)(1) and (2) has reference only to cities of the first class whose populations exceed thirty-five thousand (35,000). It is significant to note in this regard that the pertinent language of 14-43-601, supra, was derived from the foregoing Licensing Act. See Acts 1981 (Ex. Sess.) No. 23, 7. The Licensing Act states in pertinent part as follows:
 Cities of the First Class with populations in excess of 35,000 hereinafter called `Cities of the First Class,' are authorized.
(a) to enact and establish standards, rules and/or regulations which are equal to, or greater than, those established by the State concerning Emergency Medical Services as defined in this Act . . .; however, the standards, rules, and/or regulations shall not be less than those established by the State.
See, A.C.A. 14-266-105(a)(1). It is thus clear that the subsequent reference in the Licensing Act to "Cities of the First Class," wherein 2 of Act 266 of 1971 (A.C.A. 14-43-601) is amended to include emergency medical services within the term "municipal affairs," only encompasses cities of the first class with populations in excess of thirty-five thousand (35,000). See Acts 1981 (Ex. Sess.). No. 23, 7, codified at A.C.A. 14-43-601(b)(1) and (2). This conclusion is further compelled by the most recent amendment of the Municipal Ambulance Licensing Act, contained in Section 3 of Act 407 of 1987. This section states in pertinent part that "(t)he General Assembly has determined that the Municipal Ambulance Licensing Act . . . grants first class with a population in excess of 35,000 people broad authority regarding emergency and nonemergency medical services." See A.C.A.14-266-102(c) (Supp. 1987).
It is therefore my opinion, following a review of the foregoing expressions of legislative intent, that the authority of first class cities to enact and establish standards, rules, or regulations which are equal to or greater than those established by the state pursuant to A.C.A. 20-13-201, et seq., is limited to those cities having populations in excess of thirty-five thousand (35,000).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.